VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (Cal. Bar No. 111536)
AMY S. PARIGI (Cal. Bar No. 261948)
SOPHY J. TABANDEH (Cal. Bar No. 287583)
565 Commercial Street, Fourth Floor
San Francisco, California  94111
Telephone:  (415) 534-0495
Facsimile:   (415) 518-5974
Email:       greg.gilchrist@versolaw.com
             amy.parigi@versolaw.com
             sophy.tabandeh@versolaw.com

Attorneys for Plaintiff
HYDRAFACIAL LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYDRAFACIAL LLC, a California Limited Liability Company, <br><br>Plaintiff, <br><br>v. <br><br>ESTRELLA AESTHETIC & SURGICAL ART, P.C., a California Professional Corporation, <br><br>Defendant. | Case No. 26-cv-1009 <br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (INJUNCTIVE RELIEF SOUGHT)** <br><br>**JURY TRIAL DEMAND** |

This action is necessary to stop Defendant Estrella Aesthetic & Surgical Art, P.C. ("Estrella") from infringing and trading on Plaintiff Hydrafacial LLC's ("Hydrafacial") valuable trademarks and goodwill.  Hydrafacial complains against Estrella as follows:

### JURISDICTION AND VENUE

1.     Plaintiff Hydrafacial's claims arise under the Trademark Act of 1946 (the Lanham Act).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act).  This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Estrella is registered to do business in this district, maintains a principal address in this district, transacts its business in this district and because events giving rise to the claims asserted arose in this district.

## PARTIES

3.      Hydrafacial is a California limited liability company with its principal place of business at 2165 E. Spring Street, Long Beach, CA 90806.

4.      Estrella is a California professional corporation headquartered at 2550 Tuscany Street, Suite 103, Corona, CA 92881.  Estrella offers, promotes, and sells services to customers in this judicial district using Hydrafacial's well-known HYDRAFACIAL® trademarks, without authorization.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

### Hydrafacial's Business and HYDRAFACIAL Trademarks

5.      Hydrafacial designs, develops, manufactures, and sells high-quality skin resurfacing and rejuvenation equipment and services, including patented hydradermabrasion equipment and services.  Hydrafacial's award-winning treatment services rejuvenate skin by cleaning and exfoliating the skin surface, extracting debris from pores, and nourishing the skin's surface.  Hydrafacial's high-quality therapeutic serums are used in connection with these treatments to moisturize and protect the skin surface.

6.      Hydrafacial distinguishes and identifies its hydradermabrasion equipment and services, and related products with its HYDRAFACIAL trademarks.  It does business under its "The Hydrafacial Company" and "Hydrafacial" tradenames.

7.      Hydrafacial promotes and sells its HYDRAFACIAL-branded services and products throughout the United States and in California to end users, including dermatologists, plastic surgeons, cosmetic physicians, and aestheticians at medical spas. These end users provide hydradermabrasion services using authentic Hydrafacial systems and products, including serums, under the HYDRAFACIAL trademarks under

license from Hydrafacial.  This allows Hydrafacial to ensure that services provided under its mark are performed with products that meet Hydrafacial's standard for quality and that, accordingly, the treatment itself meets Hydrafacial's quality standard. Spas, dermatology clinics, and other professional providers, as well as their clients, recognize and rely on the HYDRAFACIAL® brand to guarantee high standards and quality.

8.     For many years prior to the events giving rise to this Complaint and continuing to the present, Hydrafacial has spent great amounts of time, money, and effort advertising and promoting its products and services under its HYDRAFACIAL trademarks.  Since at least 2005, Hydrafacial has extensively and continuously used its HYDRAFACIAL trademarks in connection with its hydradermabrasion systems, products, and services. Through its long, continuous, and exclusive use, investments, and large sales, Hydrafacial has created considerable goodwill and a reputation for high-quality products, systems, and technology.

9.     Hydrafacial treatments offered under its HYDRAFACIAL trademarks have become very well-known in the industry.  Hydrafacial and treatment services offered under its HYDRAFACIAL trademarks have been featured in numerous publications, including *People Magazine*, *Elle Magazine*, *Allure*, *Elle Magazine's Beauty Book*, and *Harper's Bazaar Magazine*, among others.  In 2023, Hydrafacial won "Best Cosmetic Treatment" from the Cosmopolitan Readers' Choice Beauty Awards. In 2025, Hydrafacial won "Best Hydrating Facial" from the NewBeauty Beauty Awards, for the fourth year.

10.    In 2024, approximately five million HYDRAFACIAL-branded treatments were performed. Hydrafacial's success is backed by industry-leading consumer trust and satisfaction, ranking as the second most recognized facial treatment in the U.S., and responsible for driving 7% of all new patients to medical spas and aesthetic practices each year.

11.    Hydrafacial owns federal registrations for its HYDRAFACIAL trademarks; all are in full force and effect, valid, protectable, and exclusively owned by

Hydrafacial.  Hydrafacial continuously has used each of its pertinent trademarks, from the registration date or earlier, until the present and during all time periods relevant to Hydrafacial's claims.

12.    Hydrafacial owns, among others, the following United States Registrations for its trademarks. Some of these registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

  a.    Registration No. 4,317,059 for HYDRAFACIAL (first use August 12, 2005; registered April 9, 2013);

  b.    Registration No. 4,738,970 for HYDRAFACIAL (first use May 17, 2005; registered May 19, 2015);

  c.    Registration No. 3,341,027 for HYDRAFACIAL MD (first use February 15, 2005; registered May 19, 2015);

  d.    Registration No. 4,738,971 for HYDRAFACIAL MD (first use May 17, 2005; registered May 19, 2015);

  e.    Registration No. 5,012,576 for HYDRAFACIAL MD CTGF (first use February 6, 2005; registered August 2, 2016); and

  f.    Registration No. 6,080,194 for HYDRAFACIAL KERAVIVE (first use January 6, 2020; registered June 16, 2020).

13.    Hydrafacial's registered trademarks, together with its related common law trademarks, cover many goods and services, including medical spa services; medicated and non-medicated skin care preparations, such as skin lotions, skin nourishers, and skin cleansers; devices to perform microdermabrasion and hydradermabrasion procedures; retail and wholesale store services featuring cosmetic preparations for skin and scalp care; and teaching of beauty skills; amongst others (collectively referred to as "HYDRAFACIAL Marks").

14.    Examples of Hydrafacial's use of its HYDRAFACIAL Marks are attached as **Exhibit A**.

**Estrella's Unauthorized Use of the HYDRAFACIAL Marks and Illegal Acts**

15.     Estrella is a spa, offering a variety of services including facials, injectable treatments, and laser treatments, amongst others.  It purports to be the "most advanced medical aesthetic center in the State of California" and a "training center" for physicians and nurses seeking to advance their knowledge in medical aesthetics.

16.     On July 2, 2020, Estrella purchased an authentic Hydrafacial machine from Hydrafacial and entered into a Purchase and Trademark License Agreement with Hydrafacial (the "License Agreement").

17.     The License Agreement expressly stated that Hydrafacial owned the HYDRAFACIAL Marks. Under the License Agreement, Estrella agreed to use an authentic Hydrafacial machine solely with authentic Hydrafacial serums and authentic Hydrafacial treatment-tips as a condition to being granted limited permission to use the HYDRAFACIAL Marks in connection with its promotion and sale of Hydrafacial services.

18.     On July 9, 2025, Hydrafacial sent a letter to Estrella, warning Estrella that violation of the License Agreement by purchasing serums that are not authentic would result in termination of the License Agreement—meaning that Estrella would no longer have permission to use the HYDRAFACIAL Marks. Despite Hydrafacial's request for acknowledgment of the letter, Estrella did not respond.

19.     Due to Estrella's breach of the License Agreement, Hydrafacial terminated the License Agreement on August 19, 2025. A copy of Hydrafacial's August 19, 2025, termination letter sent to Estrella is attached as **Exhibit B**.

20.     Despite termination of the License Agreement, Estrella has continued to use the HYDRAFACIAL Marks to offer and promote hydradermabrasion services without Hydrafacial's authorization ("Unauthorized Hydrafacial Designation").

21.     Estrella uses the Unauthorized Hydrafacial Designation in competition with Hydrafacial's authorized licensees. For example, as recently as February 24, 2026, Estrella's website demonstrated its use of the HYDRAFACIAL Marks in connection

with offering its hydradermabrasion services, as shown below. A copy of Estrella's website depicting its use of the Unauthorized Hydrafacial Designation as of February 24, 2026, is attached as **Exhibit C**.





22.    Between September 2025 and January 2026, Hydrafacial contacted Estrella several times reminding it of the termination of the License Agreement and Estrella's infringing use of the HYDRAFACIAL Marks. In response, Estrella informed Hydrafacial that it would not stop use of the HYDRAFACIAL Marks.

23.    Estrella is not authorized to use the HYDRAFACIAL Marks as its License Agreement expired on August 19, 2025.  Estrella's Unauthorized Hydrafacial Designation is identical to Hydrafacial's HYDRAFACIAL Marks.  Likewise, the services that Estrella offers under its Unauthorized Hydrafacial Designation are identical to those that Hydrafacial provides under its HYDRAFACIAL Marks.

Estrella's use of an identical mark on identical services is likely to confuse consumers about the source of Estrella's services and products and/or Estrella's relationship with Hydrafacial.

24.    As a former licensee, Estrella has long been aware of Hydrafacial, its products and services, and its ownership of the HYDRAFACIAL Marks.  Given Estrella's actual knowledge of Hydrafacial's ownership and prior use of the HYDRAFACIAL Marks, coupled with Estrella's refusal to stop using the mark despite Hydrafacial's numerous pre-litigation correspondence, Hydrafacial believes that Estrella intends to willfully infringe the HYDRAFACIAL Marks, and pass off its goods and services to misappropriate the goodwill in the HYDRAFACIAL Marks.

25.    Estrella's use of the Unauthorized Hydrafacial Designation in connection with offering treatment services using unauthorized serums and products harms customers who, in reliance on the HYDRAFACIAL Marks, believe they are receiving an authentic Hydrafacial treatment.  Estrella's use of the Unauthorized Hydrafacial Designation also deprives Hydrafacial of the right to control its trademarks, its reputation, and the quality of services offered under its brand name.

26.    Hydrafacial is informed and believes that Estrella has provided a large quantity of treatment services to customers under Estrella's Unauthorized Hydrafacial Designation and has obtained and continues to obtain substantial profits from these sales.

27.    Estrella's actions have caused and will cause Hydrafacial irreparable harm for which money damages and other remedies are inadequate.  Unless Estrella is restrained by this Court, it will continue and/or expand its illegal activities and otherwise continue to cause great and irreparable damage and injury to Hydrafacial by, among other things:

      a.    Depriving Hydrafacial of its rights to use and control use of its trademarks;

      b.    Creating a likelihood of confusion, mistake, and deception

among consumers and the trade as to the source of the
infringing services and products;

    c.    Causing the public falsely to associate Hydrafacial with
Estrella and/or its products, or services, or vice versa;

    d.    Causing incalculable and irreparable damage to Hydrafacial's
goodwill, and eroding the capacity of its HYDRAFACIAL
Marks to differentiate Hydrafacial's systems, products, and
services from others;

    e.    Causing Hydrafacial to lose revenue; and

    f.    Causing Hydrafacial to lose sales of its genuine products and
services.

28.    Accordingly, in addition to other relief sought, Hydrafacial is entitled to injunctive relief against Estrella, its affiliates, licensees, subsidiaries, and all persons acting in concert with it.

**FIRST CLAIM**

**FEDERAL TRADEMARK INFRINGEMENT**

**(15 U.S.C. § 1114; Lanham Act § 32)**

29.    Hydrafacial realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 28 of this Complaint.

30.    Hydrafacial owns valid trademark registrations in its HYDRAFACIAL Marks, including at least incontestable U.S. Trademark Registration Nos. 4,317,059 and 4,738,970, amongst others.

31.    Without Hydrafacial's permission, Estrella has used and currently uses, in connection with the sale, offering for sale, distribution, or advertising of its spa and treatment services, marks that infringe upon Hydrafacial's rights in its registered HYDRAFACIAL Marks.

32.    These acts of trademark infringement are likely to cause confusion and mistake among consumers and the public, and to deceive the public into believing that

Estrella's products and services originate from, are associated with, sponsored by, or are approved by Hydrafacial, when they are not.

33.     As a former licensee, Estrella is well aware of Hydrafacial and its rights in the HYDRAFACIAL Marks—particularly in light of Hydrafacial's pre-litigation correspondence.  Given Estrella's actual knowledge of Hydrafacial's ownership and prior use of the HYDRAFACIAL Marks, and without the consent of Hydrafacial, Estrella willfully violated 15 U.S.C. § 1114.

34.     Estrella's infringement has injured Hydrafacial and damaged Hydrafacial in an amount to be determined at trial.   By its actions, Estrella has irreparably injured Hydrafacial.  Such irreparable injury will continue unless and until Estrella is preliminarily and permanently enjoined by this Court from further violation of Hydrafacial's rights, for which Hydrafacial has no adequate remedy at law.

35.     As a direct and proximate result of Estrella's infringing activities, Hydrafacial is entitled to recover Estrella's unlawful profits, Hydrafacial's substantial damages, and costs under 15 U.S.C. § 1117(a).

36.     Estrella's infringement of the HYDRAFACIAL Marks is an exceptional case and is willful and ongoing, entitling Hydrafacial to treble the amount of its damages and Estrella's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## SECOND CLAIM
## FEDERAL UNFAIR COMPETITION
### (False Designation of Origin and False Description)
### (15 U.S.C. § 1125(a); Lanham Act § 43(a))

37.     Hydrafacial realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 28 of this Complaint.

38.     Estrella's use of Estrella's Unauthorized Hydrafacial Designation in connection with offering services that overlap with services provided by Hydrafacial constitutes trademark infringement, false designation of origin, false or misleading

description of fact, or false or misleading representation of fact—in violation of 15 U.S.C. § 1125(a).  Estrella's conduct is likely to cause, contribute to, or induce others to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of Estrella's products and services to the detriment of Hydrafacial and consumers and in violation of 15 U.S.C. § 1125(a).

39.    The skin treatment services Estrella provides are presented to customers as authentic Hydrafacial services, when in fact, the services are materially different from authentic Hydrafacial services, in part, because Estrella fails to use authorized Hydrafacial serums and treatment-tips. Only Hydrafacial or its licensees have the right to use the HYDRAFACIAL Marks. Estrella is not a licensee and is not otherwise authorized to use the HYDRAFACIAL Marks.

40.    Estrella's use of the Unauthorized Hydrafacial Designation, without Hydrafacial's consent, constitutes false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of its products and services or commercial activities in violation of 15 U.S.C. 1125(a).

41.    As a former licensee, Estrella is well aware of Hydrafacial and its rights in the HYDRAFACIAL Marks.  Given Estrella's actual knowledge of Hydrafacial's ownership and prior use of the HYDRAFACIAL Marks, and without the consent of Hydrafacial, Estrella willfully engaged in acts of trademark infringement, false designation of origin, passing off, and unfair competition.

42.    As a direct and proximate result of Estrella's infringing activities, Hydrafacial is entitled to recover Estrella's unlawful profits, Hydrafacial's substantial damages, and costs, under 15 U.S.C. § 1117(a).

43.    Estrella's infringement of the HYDRAFACIAL Marks is an exceptional case and is willful and ongoing, entitling Hydrafacial to treble the amount of its

damages and profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a). By its actions, Estrella has irreparably injured Hydrafacial. Such irreparable injury will continue unless and until Estrella is preliminarily and permanently enjoined by this Court from further violation of Hydrafacial's rights, for which Hydrafacial has no adequate remedy at law.

44.    Hydrafacial is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## THIRD CLAIM

## CALIFORNIA TRADEMARK INFRINGEMENT

### (Cal. Bus. & Prof. Code §§ 14200 *et seq.*)

45.    Hydrafacial realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 28 of this Complaint.

46.    Hydrafacial owns registered and common law rights in its HYDRAFACIAL Marks.

47.    Estrella uses Estrella's Unauthorized Hydrafacial Designation, which are identical to the HYDRAFACIAL Marks, in connection with offering services identical to those provided by Hydrafacial, without consent or authorization.

48.    Estrella's willful infringement of the HYDRAFACIAL Marks is likely to cause, contribute to, or induce others to cause consumer confusion about the source of Estrella's services and/or products, or about a relationship between Estrella and Hydrafacial, in violation of California Business & Professions Code § 14200 *et seq.*

49.    Estrella infringed the HYDRAFACIAL Marks with knowledge and intent to cause confusion, mistake, or deception.

50.    Estrella's conduct is aggravated by the kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of Hydrafacial for which California law allows the imposition of exemplary damages, in addition to recovery of Hydrafacial's significant compensatory damages.

51.    Pursuant to California Business & Professions Code § 14200 *et seq.*, Hydrafacial is entitled to injunctive relief and damages in the amount of three times

Estrella's profits and all damages suffered by Hydrafacial by reason of Estrella's use, display, and sale of infringing goods and services.

## FOURTH CLAIM

## CALIFORNIA UNFAIR COMPETITION

### (Cal. Bus. & Prof. Code § 17200)

52.    Hydrafacial realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 28 of this Complaint.

53.    Estrella's conduct, as described in this Complaint, including its trademark infringement and false designation of origin, constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code Section 17200.

54.    Estrella's acts, as described in this Complaint, have injured and damaged Hydrafacial.

55.    Hydrafacial is informed and believes, and thereon alleges, that Estrella has derived and received gains, profits, and advantages from its unfair competition in an amount that is not currently known to Hydrafacial. Moreover, Estrella's actions have damaged Hydrafacial in an amount to be determined at trial.

56.    Hydrafacial is informed and believes, and thereon alleges, that Estrella undertook the acts alleged above willfully, for the purpose of enriching itself to Hydrafacial's detriment.

57.    By its actions, Estrella has irreparably injured Hydrafacial.  Such irreparable injury will continue unless and until Estrella is preliminarily and permanently enjoined by this Court from further violation of Hydrafacial's rights, for which Hydrafacial has no adequate remedy at law.

58.    As a consequence of Estrella's actions, Hydrafacial is entitled to injunctive relief preventing the conduct alleged in this Complaint.

//

//

## PRAYER FOR JUDGMENT

WHEREFORE, Hydrafacial prays that this Court grant it the following relief:

1.      Adjudge that the HYDRAFACIAL Marks have been infringed by Estrella in violation of Hydrafacial's rights under common law, 15 U.S.C. § 1114, Cal. Bus. & Prof. Code §§ 14200 et seq., and/or California law;

2.      Adjudge that Estrella has competed unfairly with Hydrafacial in violation of Hydrafacial's rights under, 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code § 17200, and/or California law;

3.      Adjudge that Estrella and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

      a.      Manufacturing, producing, sourcing, importing, exporting, selling, buying, offering for sale, distributing, licensing, advertising, or promoting any goods or services, using any words, symbols or designs that so resemble the HYDRAFACIAL Marks as to be likely to cause confusion, mistake or deception, on or in connection with any product or service that is not authorized by or for Hydrafacial;

      b.      Using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Estrella or its goods and services with Hydrafacial or Hydrafacial's goods and services, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising;

      c.      Claiming trademark rights in HYDRAFACIAL, or any other

word, symbol, or design that is confusingly similar to the

HYDRAFACIAL Marks, including by applying now or in the

future for federal registration of trademarks comprising of

"Hydrafacial," or any other word, symbol, or design that is

similar to the HYDRAFACIAL Marks;

d.    Further infringing the rights of Hydrafacial in and to any of its

trademarks or otherwise damaging Hydrafacial's goodwill or

business reputation;

e.    Otherwise competing unfairly with Hydrafacial in any

manner; and

f.    Continuing to perform in any manner whatsoever any of the

other acts described in this Complaint.

4.    Adjudge that Estrella, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon Hydrafacial's counsel a written report under oath setting forth in detail how it has complied with the judgment;

5.    Adjudge that Hydrafacial recover from Estrella its damages and lost profits, plus Estrella's profits, in an amount to be proven at trial, as well as punitive damages, exemplary damages, and compensatory damages under federal and California law;

6.    Adjudge that Estrella be required to account for any profits that are attributable to its illegal acts, and that Hydrafacial be awarded from Estrella (1) Estrella's profits and (2) all damages sustained by Hydrafacial, under 15 U.S.C. § 1117, plus prejudgment interest;

7.    Adjudge that the amounts awarded to Hydrafacial pursuant to 15 U.S.C. § 1117 shall be trebled;

8.    Order an accounting of and impose a constructive trust on all of Estrella's funds and assets that arise out of its infringing activities;

9.      Adjudge that Hydrafacial be awarded its costs and disbursements incurred in connection with this action, including Hydrafacial's reasonable attorneys' fees and investigative expenses; and

10.     Adjudge that all such other relief be awarded to Hydrafacial as this Court deems just and proper.


Dated: March 3, 2026                    Respectfully submitted,

                                        VERSO LAW GROUP LLP


                                        By: */s/ Sophy Tabandeh*
                                        Gregory S. Gilchrist
                                        Amy S. Parigi
                                        Sophy Tabandeh

                                        Attorneys for Plaintiff
                                        HYDRAFACIAL LLC

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2          Hydrafacial LLC demands that this action be tried to a jury.

3

4  Dated: March 3, 2026                    Respectfully submitted,

5                                          VERSO LAW GROUP LLP

6

7                                          By: */s/ Sophy Tabandeh*

8                                          Gregory S. Gilchrist
                                           Amy S. Parigi
9                                          Sophy Tabandeh

10                                         Attorneys for Plaintiff
                                           HYDRAFACIAL LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28